UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | Case No. 2:21-cv-01142-JAM-JDP (PC) |
| Plaintiff, | ORDER THAT PLAINTIFF: |
| v. | (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED, OR |
| McCLOUGH, | |
| Defendant. | |
| | (2) FILE AN AMENDED COMPLAINT WHOSE ALLEGATIONS MAKE A SHOWING OF IMMINENT DANGER |
| | ECF No. 11 |
| | THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint, ECF No. 11, and a request to proceed *in forma pauperis*, ECF No. 6. He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). He has, in other words, filed three cases that have been dismissed for failure to state a claim. Plaintiff was identified as a three-striker in *Driver v. U.S. Special Master*, No. 1:17-cv-0202-DAD-BAM, at ECF Nos. 7 & 9.[1] Plaintiff appears to recognize his status as a three-striker and,

---

[1] In that case, Judge McAuliffe found that plaintiff had filed three cases that had been dismissed for failure to state a claim: (1) *Driver v. Martel*, Case No. 2:08-cv-01910-GEB-EFB (E.D. Cal.); (2) *Driver v. Kelso*, Case No. 2:11-cv-02397-EFB (E.D. Cal.); and (3) *Driver v. Epp*, Case No. 2:12-cv-00589-EFB (E.D. Cal.).

1

in his complaint, alleges that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of serious physical injury. ECF No. 11 at 1. The complaint, however, does not make such a showing.

In his complaint, plaintiff alleges that defendant McClough, a correctional officer, instructed another inmate to attack him. *Id.* at 3. Plaintiff suffered a bruised face, and he claims that the attacking inmate may have infected him with a communicable disease by spitting blood into his eyes. *Id.* As serious as these allegations are, they are focused on the past and do not establish a risk of imminent future harm. Thus, they do not make the requisite showing. Plaintiff may file an amended complaint and explain what, if any, imminent harm he faces. I will defer ruling on plaintiff's application to proceed *in forma pauperis* until either he files an amended complaint or the deadline for doing so passes.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that his application to proceed *in forma pauperis* be denied and that he be made to pay the filing fee before this action can proceed.

2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  April 29, 2022                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

3